**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-7225**

_____

DAVID MEYERS,

                                  Petitioner - Appellant,

      versus

GENE M. JOHNSON, Director of the Virginia
Department of Corrections,

                                  Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:07-cv-00052-RGD)

_____

Submitted: October 11, 2007      Decided: October 18, 2007

_____

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

David Meyers, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Meyers seeks to appeal the district court's order and judgment dismissing his 28 U.S.C. § 2254 (2000) petition for failing to exhaust. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 27, 2007. The notice of appeal was filed on May 31, 2007.[1] Because Meyers failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[2] We dispense with oral argument because the facts and

---

[1]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

[2]Even if Meyers intended to bring his habeas corpus petition against the U.S. Marshals for allegedly issuing an illegal detainer, the notice of appeal is still untimely because it was not filed within sixty days after entry of judgment. See Fed. R. App. P. 4(a)(1)(B),

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED